IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DWIGHT WHITE,                      )
                                   )
                Petitioner,        )
                                   )
        v.                         )   1:11CV773
                                   )
ROBERT G. JONES,                   )
                                   )
                Respondent.        )

**MEMORANDUM OPINION AND ORDER**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On October 14, 2010, in the Superior Court of Cabarrus County, Petitioner pled guilty to three counts of statutory rape and two counts of indecent liberties with a child in cases 09 CRS 9231 through 9233 and 9766. (Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 7, Ex. 1.) The trial court consolidated the offenses into one Class B1 felony and sentenced Petitioner in the mitigated range to 175 to 219 months in prison (followed by sex offender registration and satellite based monitoring ("SBM") for life). (Docket Entry 1, ¶ 3; see also Docket Entry 7, Exs. 2-4.) Petitioner did not pursue a direct appeal. (Docket Entry 1, ¶ 8.)

Petitioner did file a pro se motion for appropriate relief ("MAR") with the trial court (Docket Entry 7, Ex. 6; see also Docket Entry 1, ¶ 11(a)), which he dated as submitted on May 12, 2011 (Docket Entry 7, Ex. 6 at 13),[1] and which that court accepted

---

[1] For attachments to Respondent's memorandum in support of his instant Motion for Summary Judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

as filed on May 26, 2011 (see Docket Entry 7, Ex. 7 at 2 (indicating date filed); see also Docket Entry 1, ¶ 11(a)(3)). The trial court summarily denied the MAR by order dated May 31, 2011. (Docket Entry 7, Ex. 7; see also Docket Entry 1, ¶ 11(a)(7), (8).)[2] Petitioner thereafter sought review of that order by filing a pro se certiorari petition in the North Carolina Court of Appeals (Docket Entry 7, Ex. 8; see also Docket Entry 1, ¶ 11(b)), which he dated as submitted on August 18, 2011 (Docket Entry 7, Ex. 8 at 14), and which that court accepted as filed on August 25, 2011 (id. at 2; see also Docket Entry 1, ¶ 11(b)(3)). The Court of Appeals denied that petition by order dated September 9, 2011. (Docket Entry 7, Ex. 10; see also Docket Entry 1, ¶ 11(b)(7), (8).)

Petitioner subsequently submitted his instant Petition to the United States District Court for the Western District of North Carolina (Docket Entry 1), which he dated as signed on September 12, 2011 (id. at 14),[3] and which that court stamped as filed on September 19, 2011 (id. at 1).[4] On September 22, 2011, that court transferred the case to this Court, because the county of Petitioner's convictions, Cabarrus, lies within the Middle District of North Carolina. (See Docket Entries 2, 3.) Respondent moved

---

[2] The materials before the Court do not contain a file-stamped copy of the trial court's order denying Petitioner's MAR.

[3] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on September 12, 2011, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 14.)

for summary judgment on the merits (Docket Entry 6) and Petitioner filed a response in opposition, along with a supporting brief and affidavit (Docket Entries 10, 11 and 12). The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 13.) For the reasons that follow, the Court will grant Respondent's Motion for Summary Judgment and will deny the Petition.

## Claims

Petitioner raises two claims for relief in his Petition: (1) the trial court violated the constitutional guarantee of due process and the "mandates" of N.C. Gen. Stat. §§ 15A-1022 and 15A-1024 by not advising him during his plea hearing that sex offender registration and SBM constituted consequences of his plea (Docket Entry 1 at 5; see also Docket Entry 11 at 10, 11, 14); and (2) his counsel provided ineffective assistance by neglecting to advise Petitioner that sex offender registration and SBM constituted consequences of his plea, resulting in an "unlawfully induced plea agreement" (Docket Entry 1 at 6; see also Docket Entry 11 at 6, 9, 11, 18-20).

## Standard of Review

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal

law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts.  A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court.  Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."  Id. at 407.  "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint.  Id. at 409-11.  Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## Discussion

Claim One

In his first claim, Petitioner asserts that the trial court erred by accepting his guilty plea, because the court failed to first advise him that his agreed-upon sentence would include lifetime sex offender registration and SBM.  (See Docket Entry 1 at 5; see also Docket Entry 11 at 10, 11.)  Petitioner argues that the lifetime registration and SBM requirements constitute "punishment"

-4-

in excess of his agreed-upon prison sentence (see Docket Entry 11 at 7-8) and amount to a "collateral consequence" of his plea, of which, constitutionally, he must receive notice (see id. at 15). Thus, Petitioner claims that the trial court violated N.C. Gen. Stat. § 15A-1022[5] by failing to advise him of such requirements prior to accepting his plea, and violated N.C. Gen. Stat. § 15A-1024[6] by not advising him of the right to withdraw his plea where his sentence differed from that agreed upon in the plea arrangement. (See Docket Entry 1 at 5; see also Docket Entry 11 at 10, 11, 14.) Petitioner additionally alleges that the trial court's error deprived him of due process under the United States Constitution. (See Docket Entry 1 at 5.) These contentions lack merit.

As an initial matter, to the extent Petitioner's Claim (1) relies upon violations of state statutes, i.e, N.C. Gen. Stat. §§ 15A-1022 and 15A-1024, it is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus does not lie for

---

[5] Section 15A-1022 provides, in pertinent part, that "a superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and . . . [i]nforming him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge."

[6] Section 15A-1024 mandates that, "[i]f at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea." In addition, upon withdrawal of the plea, Section 15A-1024 requires the judge to continue the case "until the next session of court."

errors of state law.'" (citing <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990)).

Turning to Petitioner's federal constitutional grounds for Claim (1), he presented the substance of such grounds to the state trial court in his MAR. (Docket Entry 7, Ex. 6 at 6-8.) That court summarily denied relief on the merits as follows:

FINDINGS OF FACT

. . .

> 3. [Petitioner] complains that he was . . . ordered to register as a sex offender for the rest of his natural life and is subject to satellite-based monitoring for the rest of his natural life . . . . His complaint rests upon his allegation that this was not included in the written plea arrangement.

> 4. There is no merit to [Petitioner]'s motion, and no hearing is necessary.

> . . .

CONCLUSIONS OF LAW

. . .

> 2. All offenders who plead guilty to or are found guilty of the crimes to which [Petitioner] entered pleas of guilty are required by law to register as sex offenders and are subject to satellite-based monitoring as a matter of law.

(Docket Entry 7, Ex. 7 at 2-3.)[7]

---

[7] Statutory rape is an "aggravated offense" which subjects a perpetrator to mandatory, lifetime sex offender registration and SBM under North Carolina's Sex Offender and Public Protection Registration Program. <u>See</u> <u>State v. Sprouse</u>, __ N.C. App. __, __, 719 S.E.2d 234, 242 (2011); <u>see also</u> N.C. Gen. Stat. § 14-208.40A(c) ("If the court finds that the offender . . . has committed an aggravated offense, . . . the court <u>shall</u> order the offender to enroll in a [SBM] program for life." (emphasis added)); N.C. Gen. Stat. § 14-208.23 ("A person who is . . . convicted of an aggravated offense . . . <u>shall</u> maintain registration for the person's life." (emphasis added)). By contrast, indecent liberties with a child does not constitute an "aggravated offense" and conviction of that crime does not automatically entail lifetime registration and SBM. <u>Sprouse</u>, __ N.C.
(continued...)

As the state court adjudicated this claim on the merits, this Court must apply Section 2254(d)'s highly deferential standard of review to the trial court's analysis. In that regard, Petitioner has not alleged and the Court has not identified any unreasonable fact-finding by the trial court in denying the MAR. Further, the trial court's order denying the MAR neither resulted in a decision contrary to, nor involved an unreasonable application of, clearly established federal law. No United States Supreme Court cases hold that a trial court's failure to advise a criminal defendant at the time of the his or her guilty or no contest plea that the imposition of sex offender registration and SBM constitutes a consequence of the plea violates due process or renders the plea unknowing and involuntary. Nor has any such case held that imposition of sex offender registration or SBM on a defendant who has pled guilty to an applicable sex offense constitutes "punishment" or a "direct consequence" of such a plea, thus mandating its inclusion in the written plea agreement. Indeed, the Supreme Court found a much more imposing restraint on liberty, i.e., the indefinite civil commitment of a convicted sex offender after the expiration of his sentence, not to constitute "punishment" in the context of an ex post facto challenge to Kansas's Sexually Violent Predator Act. Kansas v. Hendricks, 521 U.S. 346, 361-63 (1997); see also Smith v. Doe, 538 U.S. 84, 100-02

---

[7](...continued)
App. at __, 719 S.E.2d at 242 (citing State v. Davison, 201 N.C. App. 354, 363, 689 S.E.2d 510, 516 (2009), disc. review denied, 364 N.C. 599, 703 S.E.2d 738 (2010)).

(2003) (holding that registration and monitoring requirements in Alaska Sex Offender Registration Act did not constitute punishment and finding such requirements "less harsh" than other restraints historically viewed as non-punitive).[8]

Under these circumstances, Petitioner's Claim (1) fails under Section 2254(d).

Claim Two

In his second claim, Petitioner asserts that he suffered ineffective assistance of counsel based on trial counsel's alleged failure to advise Petitioner of the fact that his guilty plea would result in court-ordered, life-time sex offender registration and SBM. (Docket Entry 1 at 6; Docket Entry 11 at 6, 9, 11, 18-20.) Petitioner alleges prejudice arising from that ineffective assistance, because he contends he would not have pled guilty had he known he faced lifetime registration and SBM. (Docket Entry 11 at 4-5, 12.) Petitioner's argument falls short.

Petitioner raised the substance of Claim (2) in his MAR (Docket Entry 7, Ex. 6 at 4-5, 8-11), and the trial court denied the MAR on the merits, albeit without specifically discussing the ineffective assistance of counsel claim (Id., Ex. 7).

---

[8] The North Carolina Court of Appeals has squarely rejected the argument Petitioner raises in Claim (1). See State v. Bare, 197 N.C. App. 461, 677 S.E.2d 518 (2009). Specifically, the Court of Appeals first held that the SBM statute constituted a civil and regulatory scheme rather than criminal punishment. Id. at 467-78, 677 S.E.2d at 524-31. In reaching that conclusion, the Bare court expressly relied on the United States Supreme Court's reasoning in Hendricks and Smith. Id. at 465-67, 469-74, 476-78, 677 S.E.2d at 523-30. In light of that initial holding regarding the civil, non-punitive nature of SBM, the Court of Appeals then concluded that the trial court had not violated due process or N.C. Gen. Stat. § 15A-1022 by accepting the defendant's no contest pleas without informing him of the SBM statute. Id. at 479-80, 677 S.E.2d at 531-32.

Nevertheless, an unexplained or summary state court order still triggers Section 2254(d)'s highly deferential standard of review. Harrington v. Richter, ___ U.S. ___, ___, 131 S. Ct. 770, 784-85 (2011).

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). To demonstrate prejudice in the context of a guilty plea, Petitioner must show a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Meyer v. Branker, 506 F.3d 358, 369 (4th Cir 2007). Moreover, as this Court has recently recognized, "[w]here the issue is whether the state court has unreasonably applied Strickland standards to a claim of ineffective assistance of counsel, . . . "'double deference' is required — deference to the state court judgment granting deference to trial counsel's performance." Lavandera-Hernandez v. Terrell, No. 1:12-cv-553, 2013 WL 1314721, at *4 (M.D.N.C. Mar. 28, 2013) (Schroeder, J.) (unpublished) (citing Burr v. Lassiter, No. 12-4, 2013 WL 871190, at *12 (4th Cir. Mar. 11, 2013) (unpublished)). In other words, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, ___ U.S. at ___, 131 S. Ct. at 788.

As discussed above in the context of Claim (1), no United States Supreme Court precedent requires the trial court or defense counsel to inform a criminal defendant, prior to his plea, that his guilty or no contest plea might subject him or her to sex offender registration and SBM.[9] Thus, Petitioner's trial counsel could not have rendered constitutionally deficient representation by failing to advise Petitioner, prior to his guilty plea, that he would face lifetime registration and SBM. Accordingly, the trial court's denial of Petitioner's ineffective assistance claim neither conflicted with, nor unreasonably applied clearly established United States Supreme Court precedent. Similarly, Petitioner has failed to identify and the Court has failed to find any unreasonable fact-finding by the trial court in this context. Petitioner's Claim (2) thus falls short under Section 2254(d).[10]

---

[9] Petitioner's reliance on Padilla v. Kentucky, 559 U.S. 356 (2009) (see Docket Entry 11 at 19), misses the mark. That case holds that criminal defense counsel renders ineffective assistance if he or she fails to advise the defendant, prior to a guilty plea, that deportation could result from the plea. Padilla, 559 U.S. at 369. The Padilla court stressed the severity of deportation as a sanction, describing it as "the equivalent of banishment or exile," id. at 373 (internal quotations and citation omitted), and noted that the Supreme Court had "previously recognized that '[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence,'" id. at 368 (internal quotations omitted). The Supreme Court further recognized that, "[f]or at least the past 15 years, professional norms have generally imposed an obligation on counsel to provide advice on the deportation consequences of a client's plea." Id. at 372. In contrast, no similar body of Supreme Court law or professional consensus exists with regard to counsel's obligation to advise defendants regarding sex offender registration and SBM.

[10] Although not articulated as an independent claim, Petitioner alleges that the Judgment and Commitment form reflecting his underlying convictions lists only two counts of statutory rape, whereas the Transcript of Plea form indicates that he pled guilty to three statutory rape counts. (See Docket Entry 1, ¶ 5.) Petitioner misinterprets the Judgment and Commitment form. The first page of the form lists two statutory rape counts, i.e., 09CRS009231 and 09CRS009766 (Docket Entry 7, Ex. 2 at 2) and, due to space limitations, the third statutory rape count, i.e., 10CRS008008, appears on the third page of the form (id. at 4).

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 6) is **GRANTED,** that the Petition (Docket Entry 1) is **DENIED,** and that this action is **DISMISSED.**

                              /s/ L. Patrick Auld
                               **L. Patrick Auld
                        United States Magistrate Judge**


April 30, 2014